**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALEXANDER JIGGETTS,

    Petitioner,

    v.

WARDEN,

    Respondent.

Civil Action No.:  ELH-20-3593

**MEMORANDUM**

The above-entitled action was initiated upon receipt of correspondence from petitioner Alexander Jiggetts that appears to seek mandamus or injunctive relief.  ECF 1.[1]  Petitioner states that he is committed to the custody of the Maryland Department of Health and is currently in Spring Grove Hospital.  *Id.*  He claims that he was sent to Spring Grove after being arrested for "a peace order violation" in October 2020 and sent to Central Booking in Baltimore.  *Id.* at 1.

The pleading is very difficult to read but seems to concern petitioner's claim that he should not be in custody because the charges against him concern a violation of an ex parte protection order.  *See State v. Jiggetts*, Case No. 0B02424590 (Balt. City Cir. Ct., Oct. 4, 2020) at http://casesearch.courts.state.md.us/casesearch/ (status: inactive due to incompetency).  According to petitioner, the violation does not carry any penalty with it as it is a civil matter.

Petitioner also states that when he was transferred from Central Booking to Spring Grove, he was not allowed to take his property with him and is now being told that Spring Grove has to request and receive his property.  ECF 1 at 1.  Petitioner states he does not trust Spring Grove and he wants an order from this court requiring Central Booking to allow someone petitioner knows to

---

[1] Mr. Jiggetts is a frequent litigator in this Court.  A search of the Court's related cases reveals more than 45 cases filed by him.

retrieve his property.  *Id*.  In addition, he seeks an order requiring Spring Grove to allow him to use means other than the U.S. mail to send in pleadings to the court, such as email or fax.  *Id*.  The second page of the pleading is simply not discernible as presented; the court assumes it concerns matters similar to what is asserted on the first page.

The pleading has been construed as a petition filed pursuant to 28 U.S.C. § 2241.  To the extent petitioner seeks release from custody, his claim is clearly unexhausted and must be dismissed, without prejudice.  Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or where the facility is located.  *See* Md. Code, Health Gen. Article, § 10-804; *see also* Md. Code, Cts & Jud. Proc. Article, § 3-704.  Maryland law allows a criminal defendant to appeal an incompetency determination.  *See Jolley v. State*, 282 Md. 353, 357, 384 A.2d 91, 94 (1978).

To my knowledge, petitioner has not challenged his commitment order in state court.  Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449

(3d Cir. 1975) (stating that assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (concluding that double jeopardy claim justified pretrial federal habeas intervention because a claimed constitutional right would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights.

To the extent that petitioner seeks an order from this court requiring officials at Central Booking to allow petitioner to dictate how his property is returned, and requiring officials at Spring Grove to allow him access to other means by which to file pleadings in court, the petition seeks relief that is unavailable from this court.  Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, this federal district court has no mandamus jurisdiction over State employees, such as Respondents in this case.  *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

By separate Order which follows, the Petition shall be dismissed, without prejudice.


January 8, 2021                                          /s/
Date                                        Ellen L. Hollander
                                            United States District Judge


3